**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JEREMIAH YOUNG, | : | Case No. 3:26-cv-43 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BARBARA P. GORMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION[1]**

Plaintiff, a person incarcerated at the Marion Correctional Institution (MCI), has filed a motion for leave to proceed *in forma pauperis* (IFP) in connection with a civil rights complaint. (Doc. #1).  However, Plaintiff's motion is incomplete and is not made on this Court's official form for incarcerated persons.  *Id*.  The Court gave Plaintiff two opportunities to rectify his IFP motion. (Docs. #2, 6). On February 23, 2026, the undersigned issued a Deficiency Notice to Plaintiff regarding his IFP motion.  (Doc. #2).  As part of that Notice, the undersigned ordered:

> [S]hould Plaintiff wish to proceed with this matter, Plaintiff is **ORDERED** to, **within thirty (30) days** of the date of this Order, pay $405 ($350 filing fee plus $55 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court, completed and signed by the institutional cashier), **and** a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period.

*Id.* at 27.  Plaintiff was advised that if he failed to comply with the Order, his case could be dismissed for want of prosecution.  *Id.*  Instead of complying with the undersigned's Order,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff instead filed objections to the Deficiency Notice. (Doc. #4). Plaintiff objected to the characterization of himself as a prisoner, insisting that he is a citizen detained without due process of law. *Id.* at 33-34. He argued that as a citizen, the PLRA did not apply to him. *Id.* at 33. On May 6, 2026, Plaintiff additionally filed a Motion for Default Judgment against all Defendants. (Doc. #5).

Subsequently, on May 14, 2026, the undersigned issued an Order to Show Cause. (Doc. #6). The undersigned addressed Plaintiff's objections, determining that the PLRA did apply to him as he is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. at 42-43; 28 U.S.C. § 1915(h). Therefore, the Court once again ordered Plaintiff to either pay the $405 filing fee or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page and a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period. *Id*. at 43. Plaintiff was warned that his failure to comply with the Order would result in a report and recommendation to the District Judge that his case be dismissed for want of prosecution and failure to comply with a court order. *Id*.

At this time, more than 30 days after the Court entered the May 14, 2026 Order, Plaintiff has not paid the $405 filing fee or submitted a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page, and a certified copy of his prison trust fund account statement for the preceding six-month period as required by the PLRA. Instead, on June 8, 2026, Plaintiff again filed objections to the Order to Show Cause. (Doc. #7). However, Plaintiff's objections are non-responsive, raise the same

arguments already rejected by the Court in its May 14, 2026 Order to Show Cause, and do not cure the noted deficiencies in Plaintiff's IFP Motion.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Accordingly, because Plaintiff has failed to comply with the Deficiency Order issued on February 23, 2026, and the Order to Show Cause issued on May 14, 2026, the undersigned **RECOMMENDS** that this matter be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## IT IS THEREFORE RECOMMENDED:

1. This case be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #1) be **DENIED**.

3. Plaintiff's motion for default judgment (Doc. #5) be **DENIED** as moot.

4. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

July 1, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).